UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MAY 08 2007
DAVID J. MALAND, CLERK
BY
DEPUTY

| | |
|---|---|
| ACER AMERICA CORPORATION, a California corporation, § § § § Plaintiff, § § v § § HON HAI PRECISION INDUSTRY CO., § LTD., a Taiwanese corporation; QUANTA § COMPUTER INC., a Taiwanese corporation; § and WISTRON CORPORATION, a Taiwanese § corporation; § § Defendants § § | CIVIL ACTION NO. 2:07cv181 JURY TRIAL DEMANDED |

**ACER AMERICA CORPORATION'S COMPLAINT**

1

Plaintiff Acer America Corporation ("AAC"), through counsel, hereby demands a jury trial and complains of Defendants Hon Hai Precision Industry Co., Ltd. ("Hon Hai"), Quanta Computer Inc. ("Quanta"), and Wistron Corporation ("Wistron") (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1. This is an action by AAC against Defendants Hon Hai, Quanta, and Wistron for breach of warranties and their obligations to indemnify, defend, and hold harmless AAC against claims of infringement of U.S. Patent Nos. 6,501,721; 6,438,697; 6,609,211; 5,892,933; 5,596,759; 6,691,236; 6,029,119; 5,353,415; 6,894,706; and 6,336,080 (collectively, the "HP Patents") asserted in Civil Action No. 2:07-CV-00103-TJW, Civil Action No. 2:07-CV-00150-TJW, and U.S. International Trade Commission ("ITC") Docket No. 337-2543 against AAC and its parent company, Acer, Inc. (collectively, "Acer"), by Hewlett-Packard Company ("HP").

2. On March 27, 2007, HP filed Civil Action No. 2:07-CV-00103-TJW in the U.S. District Court for the Eastern District of Texas, asserting that Acer's products infringe U.S. Patent Nos. 6,501,721; 6,438,697; 6,609,211; 5,892,933; and 5,596,759. A true and correct copy of the complaint filed in Civil Action No. 2:07-CV-00103-TJW in the U.S. District Court for the Eastern District of Texas is attached as Exhibit A and incorporated herein by reference.

3. On April 19, 2007, HP filed Civil Action No. 2:07-CV-00150-TJW in the U.S. District Court for the Eastern District of Texas, asserting that Acer's products infringe United States Patent Nos. 6,691,236; 6,029,119; 5,353,415; 6,894,706; and 6,336,080. A true and correct copy of the complaint filed in Civil Action No. 2:07-CV-00150-TJW in the U.S. District Court for the Eastern District of Texas is attached as Exhibit B and incorporated herein by

reference. On April 19, 2007, HP also filed a complaint with the ITC against Acer, asserting that Acer's products infringe U.S. Patent Nos. 6,691,236; 6,029,119; 5,353,415; and 6,894,706. A true and correct copy of the complaint filed with the US ITC, Docket No. 337-2543 is attached as Exhibit C and incorporated herein by reference.

4. Under contracts of sale, Hon Hai, Quanta, and Wistron manufactured for and sold to Acer the products sold by Acer and accused by HP of infringing the HP Patents. Pursuant to Acer's Memorandum of Agreement and Supply Agreement with Hon Hai, Hon Hai agreed to indemnify, defend, and hold harmless Acer from and against all claims of patent infringement. True and correct copies of the Memorandum of Agreement and Supply Agreement between Acer and Hon Hai are filed separately under seal as Exhibits D and E, respectively, and incorporated herein by reference. Pursuant to Acer's Memoranda of Agreement and Master ODM Agreement with Quanta, Quanta agreed to indemnify, defend, and hold harmless Acer from and against all claims of patent infringement. True and correct copies of the Memoranda of Agreement and Master ODM Agreement between Acer and Quanta are filed separately under seal as Exhibits F, G and H, respectively, and incorporated herein by reference. Pursuant to Acer's Memorandum of Agreement and Master ODM Agreement with Wistron, Wistron agreed to indemnify, defend, and hold harmless Acer from and against all claims of patent infringement. True and correct copies of the Memorandum of Agreement and Master ODM Agreement between Acer and Wistron are filed separately under seal as Exhibits I and J, respectively, and incorporated herein by reference.

5. Acer notified Defendant Hon Hai of HP's initial accusations of infringement against Acer's products on April 2, 2007. A true and correct copy of Acer's April 2, 2007 letter to Hon Hai is attached as Exhibit K and incorporated herein by reference.

6.     On April 27, 2007, Acer asked each Defendant to confirm in writing by May 2, 2007 that it will defend and indemnify Acer in each of these actions filed by HP pursuant to each Defendant's indemnification obligations in its respective sales contracts with Acer. True and correct copies of Acer's April 27, 2007 letters to Hon Hai, Quanta and Wistron are attached as Exhibits L, M and N, respectively, and incorporated herein by reference. As of the filing of this complaint, Acer has not received such written confirmations from Defendants.

## THE PARTIES

7.     AAC is a corporation organized and existing under the laws of California having a principal place of business at 333 West San Carlos Street, Suite 1500, San Jose, CA 95110.

8.     On information and belief, Hon Hai is a corporation organized and existing under the laws of Taiwan, having a principal place of business at 2 Zihyou Street, Tucheng City, Taipei County, (236), Taiwan, R.O.C.

9.     On information and belief, Quanta is a corporation organized and existing under the laws of Taiwan, having a principal place of business at No. 211 Wen Hwa 2nd Rd., Kuei Shan Hsiang, Tao Yuan Shien, Taiwan, R.O.C.

10.    On information and belief, Wistron is a corporation organized and existing under the laws of Taiwan, having a principal place of business at 21F, 88, Sec. 1, Hsin Tai Wu Road, Hsichih, Taipei Hsien 221, Taiwan, R.O.C.

## JURISDICTION AND VENUE

11.    HP brought Civil Action Nos. 2:07-CV-00103-TJW and 2:07-CV-00150-TJW against AAC asserting liability for infringing the HP Patents and seeking damages. HP also filed a complaint with the ITC against Acer, asserting that Acer's products infringe U.S. Patent Nos. 6,691,236; 6,029,119; 5,353,415; and 6,894,706.

12.  This Court has diversity jurisdiction with respect to Hon Hai, Quanta, and Wistron pursuant to 28 U.S.C. § 1332. The matter in controversy between AAC and each of Hon Hai, Quanta, and Wistron exceeds the sum or value of $75,000, exclusive of interest and costs.

13.  This Court has personal jurisdiction over Hon Hai, Quanta, and Wistron in that each has established minimum contacts with the forum. Hon Hai, Quanta, and Wistron each manufactures and/or assembles products that are and have been used, offered for sale, sold, and purchased in Texas, including in this Judicial District. Therefore, the exercise of jurisdiction over Hon Hai, Quanta, and Wistron would not offend traditional notions of fair play and substantial justice.

14.  Hon Hai conducts business in Texas and has introduced products in the stream of commerce in the United States knowing that such products would be sold in Texas. Venue is proper in this District under 28 U.S.C. § 1391.

15.  Quanta conducts business in Texas and has introduced products in the stream of commerce in the United States knowing that such products would be sold in Texas. Venue is proper in this District under 28 U.S.C. § 1391.

16.  Wistron conducts business in Texas and has introduced products in the stream of commerce in the United States knowing that such products would be sold in Texas. Venue is proper in this District under 28 U.S.C. § 1391.

**COUNT I - BREACH OF WARRANTY OF TITLE AND NON-INFRINGEMENT**

17.  AAC repeats and realleges each and every allegation contained in Paragraphs 1-16 in this Complaint as if fully set forth herein.

18.  HP has asserted claims of infringement of the HP Patents against AAC in Civil Action No. 2:07-CV-00103-TJW, Civil Action No. 2:07-CV-00150-TJW, and ITC Docket No.

337-2543

19    Hon Hai is a merchant regularly dealing in goods of the kind of the products accused by HP to infringe the HP Patents.

20.   Hon Hai has warranted to AAC that the products sold to AAC would be free of any claim of patent infringement.

21.   Hon Hai has breached its warranty of title and freedom from a claim of patent infringement.

22.   Quanta is a merchant regularly dealing in goods of the kind of the products accused by HP to infringe the HP Patents.

23.   Quanta has warranted to AAC that the products sold to AAC would be free of any claim of patent infringement.

24.   Quanta has breached its warranty of title and freedom from a claim of patent infringement.

25.   Wistron is a merchant regularly dealing in goods of the kind of the products accused by HP to infringe the HP Patents.

26.   Wistron has warranted to AAC that the products sold to AAC would be free of any claim of patent infringement.

27    Wistron has breached its warranty of title and freedom from a claim of patent infringement

## COUNT II - INDEMNITY

28.   AAC repeats and realleges each and every allegation contained in Paragraphs 1-27 in this Complaint as if fully set forth herein.

29.   HP has asserted claims of infringement of the HP Patents against AAC in Civil

Action No. 2:07-CV-00103-TJW, Civil Action No. 2:07-CV-00150-TJW, and ITC Docket No. 337-2543

30. At all relevant times, Hon Hai is and has been obligated to indemnify, defend, and hold harmless AAC from and against all claims of patent infringement pursuant to explicit indemnification obligations set forth in Hon Hai's master sales contract with AAC.

31. Hon Hai has breached its obligation to indemnify, defend, and hold harmless AAC from and against all claims of patent infringement

32. At all relevant times, Quanta is and has been obligated to indemnify, defend, and hold harmless AAC from and against all claims of patent infringement pursuant to explicit indemnification obligations set forth in Quanta's master sales contract with AAC.

33. Quanta has breached its obligation to indemnify, defend, and hold harmless AAC from and against all claims of patent infringement.

34. At all relevant times, Wistron is and has been obligated to indemnify, defend, and hold harmless AAC from and against all claims of patent infringement pursuant to explicit indemnification obligations set forth in Wistron's master sales contract with AAC.

35. Wistron has breached its obligation to indemnify, defend, and hold harmless AAC from and against all claims of patent infringement

**PRAYER FOR RELIEF**

WHEREFORE, AAC prays that this Court enter a judgment in favor of AAC and against Hon Hai, Quanta, and Wistron as to the products sold by them to AAC and accused by HP of infringing the HP Patents:

A. declaring that each of Hon Hai, Quanta, and Wistron has breached its warranty of title and non-infringement;

B declaring that each of Hon Hai, Quanta, and Wistron is liable to AAC to indemnify, defend, and hold harmless AAC from and against any claims or demands of HP arising from infringement of the HP Patents;

C. awarding to AAC its attorney fees and costs incurred in defending against HP in the action for patent infringement;

D. awarding AAC its attorney fees and costs incurred in bringing and prosecuting this complaint;

E. awarding to AAC all sums that may be adjudicated against AAC in favor of HP in the action for patent infringement, including without limitation, any interest thereon; and

F. awarding AAC such other and further relief as this Court may deem proper.

Dated: May 8, 2007

Respectfully submitted,

By: _____
Harry Lee Gillam, Jr., *Lead Attorney*
Melissa R. Smith
Gillam & Smith LLP
303 South Washington Avenue
Marshall, TX 75670
Tel. (903) 934-8450
Fax (903) 934-9257
Email: gil@gillamsmithlaw.com
Email: melissa@gillamsmithlaw.com

Chris R. Ottenweller
Craig R. Kaufman
Kai Tseng
Rowena Young
Orrick, Herrington & Sutcliffe, LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
Email: cottenweller@orrick.com
Email: ckaufman@orrick.com
Email: ksteng@orrick.com
Email: ryoung@orrick.com

Attorneys for
Acer America Corporation, Plaintiff

OHS West:260224049.4